[Cite as *State v. Brown*, 2021-Ohio-2381.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2020-09-054 |
| | : | O P I N I O N |
| - vs - | | 7/12/2021 |
| | : | |
| CHAD T. BROWN, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 19CR36258

David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Craig A. Newburger, for appellant.

**PIPER, P.J.**

{¶1} Appellant, Chad Brown, appeals his convictions in the Warren County Court of Common Pleas for having weapons under disability and improperly handling a firearm in a motor vehicle.

{¶2} An off-duty police officer was driving with his children when he observed a car he was familiar with pull into the parking lot of a motel known for drug trafficking. The officer

knew that Brown was the driver of the car, and that Brown had a suspended driver's license. The officer observed Brown exit the vehicle and enter the motel, stay for approximately two minutes, and then return to the vehicle and drive away. The officer observed only one passenger in the vehicle, a female with whom he was unfamiliar.

{¶3} The officer followed Brown's vehicle, recorded the license plate number, and called a deputy who was on duty at the time. The officer described his observations and that he suspected Brown's participation in a drug transaction. The officer provided the deputy with a description of Brown's vehicle, along with information regarding Brown's location and direction of travel.

{¶4} The deputy, who was traveling in the opposite direction from the officer and Brown, approached the location and observed that Brown's vehicle did not have a front license plate in violation of Ohio law.[1] The deputy turned his cruiser around and pursued Brown's vehicle after confirming the license plate number as the same one provided by the other officer.

{¶5} Once the deputy began his pursuit, Brown turned quickly onto a different street and the deputy turned on his cruiser's lights to initiate a traffic stop. However, Brown did not pull over and continued driving. The deputy then activated his siren, yet Brown did not stop. Eventually, Brown entered a private apartment complex and drove until he reached a dead end and was forced to stop. During the time that Brown's vehicle was traveling through the complex, the deputy observed Brown and his passenger making furtive movements. Once Brown was forced to stop, the deputy was able to see the passenger side of the vehicle, but was unable to see the driver's side.

{¶6} The deputy approached Brown's vehicle and ordered him out of the car. The

---

1. Effective July 1, 2020, Ohio no longer requires a front license plate. R.C. 4503.21. This incident occurred on November 27, 2019.

deputy arrested Brown for failure to comply and located several weapons on Brown's person including a taser, knife, and extendable baton. Brown admitted to the deputy that he was a convicted felon while the deputy confirmed Brown's identity and drug-related criminal history through dispatch.

{¶7} During this time, a sergeant arrived on the scene to assist the deputy in his investigation. The sergeant made contact with Brown's passenger, who had methamphetamine on her person. The sergeant then located a third passenger in the backseat of Brown's vehicle, who had been hidden by clothing and household items. The passenger was located on the passenger side of the vehicle's back seat, and both back windows were up. The sergeant observed that the driver's side window in the front seat was down.

{¶8} During their investigation, the police made contact with a resident from the complex who heard the sirens when the deputy was in pursuit of Brown. She went to her window and observed Brown's vehicle stop in front of her apartment. The resident saw the driver's arm emerge from the open window and throw an object onto the nearby grassy area. Based on the resident's description, the sergeant soon located a loaded firearm approximately ten feet in front of the location where Brown had stopped his car.

{¶9} Brown was subsequently indicted for having weapons under disability, improperly handling a firearm in a vehicle, as well as failure to comply with an order or signal of a police officer. Brown pled not guilty to all charges, and the matter proceeded to a jury trial. The jury found Brown guilty of all three charges, and the trial court sentenced Brown to an aggregate sentence of three years in prison. Brown now appeals two of his convictions, raising the following assignment of error:

{¶10} THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW AND/OR GOES AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE TO SUSTAIN

APPELLANT'S CONVICTIONS FOR ONE COUNT OF HAVING WEAPONS UNDER DISABILITY, ORC 2923.13(A)(3) AND ORC 2923.13(B), A FELONY OF THE THIRD DEGREE, AND, FOR ONE COUNT OF IMPROPERLY HANDLING FIREARMS IN A MOTOR VEHICLE, ORC 2923.16(B) AND ORC 2923.16(I), A FELONY OF THE FOURTH DEGREE.

{¶11}  Brown argues in his assignment of error that his convictions for having a weapon under disability and improperly handling a firearm in a vehicle are not supported by sufficient evidence and are against the manifest weight of the evidence.

{¶12}  When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.  *State v. Paul*, 12th Dist. Fayette No. CA2011-10-026, 2012-Ohio-3205, ¶ 9.  Therefore, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."  *State v. Jenks*, 61 Ohio St.3d 259, (1991), paragraph two of the syllabus.

{¶13}  A manifest weight of the evidence challenge examines the "inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue rather than the other."  *State v. Barnett*, 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶ 14.  To determine whether a conviction is against the manifest weight of the evidence, the reviewing court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.  *State v. Graham*, 12th Dist. Warren No. CA2008-07-095, 2009-Ohio-2814, ¶ 66.

{¶14} In reviewing the evidence, an appellate court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and determine the weight to be given to the evidence. *State v. Blankenburg*, 197 Ohio App.3d 201, 2012-Ohio-1289, ¶ 114 (12th Dist.). An appellate court will overturn a conviction due to the manifest weight of the evidence only in the exceptional case in which the evidence weighs heavily against the conviction. *State v. Zitney*, 12th Dist. Clinton No. CA2020-06-007, 2021-Ohio-466, ¶ 14-15.

{¶15} Brown was convicted of having weapons under disability in violation of R.C. 2923.13(A)(3), which provides,

> Unless relieved from disability under operation of law or legal process, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply: (3) The person is under indictment for or has been convicted of any felony offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse * * *.

{¶16} Brown was also convicted of improper handling of a firearm in a vehicle in violation of R.C. 2923.16(B), which provides, "no person shall knowingly transport or have a loaded firearm in a motor vehicle in such a manner that the firearm is accessible to the operator or any passenger without leaving the vehicle."

{¶17} After reviewing the record, we find that Brown's convictions were supported by sufficient evidence and were not against the manifest weight of the evidence. Brown essentially argues that there is no definitive proof that he was the occupant of the vehicle who discarded the firearm, and that his two passengers could have thrown the firearm outside the window. However, the state presented evidence from the resident of the complex who observed Brown's vehicle stop in front of her apartment. The resident observed the driver's arm exit the open window of the driver's side of the vehicle and throw an object out of the window. The resident testified that she was sure that it was the driver's

arm she observed because she did not see anyone else in the vehicle reach or lean over onto the driver's side to throw an object.

{¶18} Based on the resident's description of her observations, the sergeant testified that he was able to locate the loaded firearm in the exact area where the resident described seeing the driver throw the object. The state presented evidence that the complex where the incident occurred was not in a high-crime area, rarely had police presence, and was generally a quiet community. Moreover, the sergeant testified that the complex's grounds were well-maintained, making it unlikely that a firearm had been abandoned before the incident and undiscovered by the complex's maintenance workers.

{¶19} Despite Brown's assertion that his passengers could have discarded the weapon, the jury was in the best position to judge the credibility and weight of the resident's testimony regarding her observations on the day of the incident. Thus, after viewing the evidence in a light most favorable to the prosecution, and after weighing the evidence and reasonable inferences, we do not find that the jury clearly lost its way or created such a manifest miscarriage of justice that the convictions must be reversed or a new trial ordered. Brown's single assignment of error is overruled.

{¶20} Judgement affirmed.

S. POWELL and HENDRICKSON, JJ., concur.